# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * *   *
TODD W. ALTSCHUL,                    *
                                     *
            Plaintiff,               *
                                     *
v.                                   *  No. 19-1238C
                                     *  Filed: December 13, 2019
UNITED STATES,                       *
                                     *
            Defendant.               *
                                     *
* * * * * * * * * * * * * * * * *    *
```

**ORDER**

     On August 19, 2019, pro se plaintiff Todd. W. Altschul filed a complaint in the United States Court of Federal Claims seeking compensation for his alleged unjust conviction pursuant to 28 U.S.C. § 1495 (2012). Plaintiff alleged new evidence was found in relation to his May 21, 1994 conviction for mailing threatening communications. As a result, plaintiff alleges his conviction in Case No. 1:93-CR-45-C was vacated by an order vacating judgment and a Certificate of Innocence, both signed by Senior Judge Sam R. Cummings of the United States District Court for the Northern District of Texas. The plaintiff included the purported order vacating judgment and the Certificate of Innocence signed by Judge Cummings as exhibits to his complaint. The order vacating judgment and the Certificate of Innocence stated:

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

### ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| VS. § | CRIMINAL NO. 1:93-CR-45-C |
| TODD W. ALTSCHUL § | |

### ORDER

Movant Todd W. Altschul, proceeding pro se, filed this motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C.§ 2255.

Movant plead guilty to one count of mailing threatening communications 18 U.S.C.§ 876 and on may 21,1994 was sentenced to serve sixty (60) months imprisonment in the Federal Bureau of Prisons to run consecutive to undischarged state terms of imprisonment.

A DNA forensic test, was conducted by the Department of Justice (CODIS #147508) on the envelope the threat was mailed in and affirms that their was a 1 in 800,000,000 chance that the DNA from the seal of the envelope belonged to the movant.

A forensic document examiner from the Department of Homeland Security has certified that the movant is not the author of the handwriting printed on the envelope and paper that the threat was communicated on.

After considering and reviewing this newly discovered evidence, this Court finds that the movant did not commit this offense and is innocent.

It is, therefore **ORDERED** that the movants motion to vacate, set aside, or correct a federal sentence is **GRANTED**.

**Signed this the 6th day of August, 2019.**

                                              SAM R. CUMMINGS
                                              SENIOR JUDGE
                                              UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | CRIMINAL NO. 1:93-CR-45-C |
| TODD W. ALTSCHUL | § | |

### CERTIFICATE OF INNOCENCE

Pending before the Court is movants motion to declare defendant innocent [docket entry no. 41].

This Court granted movants motion to vacate, set aside, or correct a federal sentence and vacated the sentence.

For the reasons stated in this Courts order [docket entry no. 42], this Court declares the movant innocent of the offense of mailing threatening communications 18 U.S.C.§ 876 for which he was convicted of in this Court on May 21, 1994 in United States of American Vs. Todd W. Altschul, Criminal No. 1:93-CR-45-C USDC ND TEX..

It is **ORDERED, ADJUDGED AND DECREED**, that the movant is **INNOCENT** of the said convicted offense that has now been **VACATED**.

**SIGNED THIS THE 6TH. DAY OF AUGUST, 2019.**

**SAM R. CUMMINGS**
**SENIOR JUDGE**
**UNITED STATES DISTRICT JUDGE**

On August 19, 2019, plaintiff requested leave to proceed in forma pauperis. This court denied plaintiff's request to proceed in forma pauperis on September 6, 2019,[1] and also informed plaintiff that he must submit court-certified copies of the order vacating judgment and Certificate of Innocence for the above-captioned case to proceed on the merits. On September 20, 2019, plaintiff submitted a revised request to proceed in forma pauperis. On September 23, 2019, plaintiff filed a motion for an extension of time until October 22, 2019 to file court-certified copies of the alleged order vacating judgment and Certificate of Innocence. This court granted plaintiff's motion on October 9, 2019 instructing plaintiff to file the required documents by October 22, 2019, however, plaintiff did not submit court-certified copies of the order vacating judgment or the Certificate of Innocence by the ordered deadline. Defendant filed its motion to dismiss on October 21, 2019. As of December 10, 2019, plaintiff has not submitted court-certified copies of the order vacating judgment or Certificate of Innocence, nor has plaintiff filed a response to defendant's motion to dismiss.[2]

In its motion to dismiss, defendant argues plaintiff has "a history of filing fraudulent documents and meritless suits." Defendant points to sanctions imposed on plaintiff by the United States District Court for the Southern District of Texas, the United States District Court for the Northern District of Texas, and the United States Court of Appeals for the Fifth Circuit for filing fraudulent documents, frivolous complaints, and meritless suits. Defendant asserts plaintiff's alleged order vacating judgment and Certificate of Innocence filed along with plaintiff's complaint on August 19, 2019 are forged. Defendant identifies multiple typographical, spelling, and grammatical errors within plaintiff's alleged order vacating judgment and Certificate of Innocence, including missing apostrophes and incorrect capitalization, as well as what appear to be forged signatures of Senior Judge Sam R. Cummings of the United States District Court for the Northern District of Texas and Marsha Elliott, the Deputy-in-Charge. Defendant's motion to dismiss includes orders from the United States District Court for the Northern District of Texas, United States District Court for the Southern District of Texas, and United States Court of Appeals for the Fifth Circuit documenting plaintiff's conduct and imposing of sanctions.

Defendant also cites to a July 2, 1997 Order in which the Fifth Circuit stated plaintiff altered letters from the United States Supreme Court to change denials of certiorari to

---

[1] As the court explained in the September 6, 2019 Order denying plaintiff's motion to proceed in forma pauperis, without a certified copy of his prison account, as required by 28 U.S.C. § 1915, and of the alleged lien against plaintiff's prison account, this court was unable to assess plaintiff's financial situation in order to decide whether plaintiff did or did not possess sufficient funds to pay the required filing fee.

[2] The court notes that on October 25, 2019, plaintiff filed a change of address with the court. The Clerk's Office mailed copies of the court's October 7, 2019 Order and defendant's October 23, 2019 motion to dismiss to plaintiff's new address, but the mailing was returned as undeliverable. The Clerk's Office, on November 13, 2019, also mailed the copies of the court's October 7, 2019 Order and defendant's October 23, 2019 motion to dismiss to plaintiff's prior address, however, that mailing similarly was returned to the Clerk's Office as undeliverable because plaintiff no longer lived at that address.

4

grants of certiorari. The Fifth Circuit ordered plaintiff to obtain judicial permission prior to making any future filing in the Fifth Circuit or any court subject to its jurisdiction. In an August 22, 2001 order, Judge Cummings sanctioned plaintiff with a $1,000.00 monetary sanction and barred plaintiff from filing any action in the Northern District of Texas because plaintiff had forged documents using Judge Cummings's signature in an attempt to reduce his prison sentence. On February 15, 2005, Judge Samuel B. Kent of the United States District Court for the Southern District of Texas imposed a $2,500.00 sanction on plaintiff for filing a forged affidavit for his Petition for a Writ of Habeas Corpus. On August 25, 2006, the Fifth Circuit denied plaintiff's "Motion for Permission to Proceed after Sanction" for a petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Texas as the petition mirrored plaintiff's petitions in previous years that included forged documents, were meritless, were frivolous, and for which plaintiff was sanctioned. On November 19, 2014, Judge Kenneth M. Hoyt of the United States District Court for the Southern District of Texas sanctioned plaintiff with a $1,000.00 monetary sanction and barred plaintiff from filing anything further in the Southern District of Texas as plaintiff had not yet paid any of the earlier sanction fees. On May 5, 2015, the Fifth Circuit denied plaintiff's "Motion for Permission to Proceed after Sanction" for a mandamus petition challenging the 1997 and 2014 sanctions, noting that plaintiff's "persistence in filing fraudulent documents and repetitive, meritless suits." The Fifth Circuit warned plaintiff that "the filing of additional vexatious, fraudulent, or meritless items in this court or any other court subject to this court's jurisdiction will subject him [plaintiff] to additional and progressively more severe sanctions."

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d

795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

When deciding a case based on a failure to state a claim, the court "must accept as true the factual allegations in the complaint." Engage Learning, Inc. v. Salazar, 660 F.3d 1346, 1355 (Fed. Cir. 2011); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. at 508 n.1))); Scheuer v. Rhodes, 416 U.S. at 236 ("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); Harris v. United States, 868 F.3d 1376, 1379 (Fed. Cir. 2017) (citing Call Henry, Inc. v. United States, 855 F.3d 1348, 1354 (Fed. Cir. 2017)); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

Pursuant to 28 U.S.C. § 1495 (2012), "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. In Humphrey v. United States, a Judge of the United States Court of Federal Claims stated that Section 1495 of Title 28, "must be read in conjunction with 28 U.S.C. § 2513." Humphrey v. United States, 52 Fed. Cl. 593, 596 (2002), aff'd, 60 F. App'x 292 (Fed. Cir. 2003) (citations omitted); see also Babcock v. United States, 142 Fed. Cl. 612, 616 (2019); Abu-Shawish v. United States, 120 Fed. Cl. 812, 813 (2015) ("To establish jurisdiction, however, a plaintiff seeking compensation under Section 1495 must also meet the requirements of 28 U.S.C. § 2513(a)(1)."). The statute at 28 U.S.C. § 2513 (2012) states:

> **(a)** Any person suing under section 1495 of this title must allege and prove that:
>
>> **(1)** His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>>
>> **(2)** He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State,

> Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> **(b)** Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.
>
> **(c)** No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.
>
> **(d)** The Court may permit the plaintiff to prosecute such action in forma pauperis.
>
> **(e)** The amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff.

28 U.S.C. § 2513 (emphasis in original); see also Babcock v. United States, 142 Fed. Cl. at 616; Abu-Shawish v. United States, 120 Fed. Cl. at 813 ("[I]n order for this court to have jurisdiction, a plaintiff must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes."); Carpenter v. United States, 118 Fed. Cl. 712, 713 (2014) ("Jurisdiction conferred by Section 1495 is limited to a plaintiff who proves that his conviction has been reversed or set aside on the grounds that he is not guilty . . . or that he has been pardoned."), aff'd, 603 F. App'x 935 (Fed. Cir. 2015). In Humphrey, a judge of the United States Court of Federal Claims indicated that the jurisdictional requirements of 28 U.S.C. § 1495 and 28 U.S.C. § 2513 "are strictly construed, and a heavy burden is placed upon a claimant seeking relief under such provisions." Humphrey v. United States, 52 Fed. Cl. at 596; see also Bobka v. United States, 133 Fed. Cl. 405, 409 (2017) (dismissing plaintiff's unjust conviction and imprisonment claim because he failed to allege or establish obtaining a certificate of innocence or receiving a pardon); Wood v. United States, 91 Fed. Cl. 569, 577 (2009) (holding that compliance with 28 U.S.C. § 2513, including submission of a certificate of innocence from the federal district court, is a prerequisite to the jurisdiction of the Court of Federal Claims). Additionally, as noted in Sykes v. United States, 105 Fed. Cl. 231 (2012), "a certificate or pardon must 'either explicitly or by factual recitation' state that the plaintiff has satisfied the requirements of Section 2513." Id. at 233 (quoting Humphrey v. United States, 52 Fed. Cl. at 597).

As noted above, the unjust conviction statute provides recourse to United States citizens who have been wrongfully convicted of crimes against the United States and imprisoned as a result. See 28 U.S.C. § 2513. As the Judge in Humphrey explained:

7

> The purpose of the unjust conviction statutes is to partially right an irreparable wrong done to a United States citizen who was wrongfully imprisoned. However, the legislative history indicates that Congress did not intend to indemnify every imprisoned person whose conviction has been set aside. Consequently, Congress attempted to accomplish this goal by requiring a plaintiff to obtain a certificate from the appropriate court or a pardon, specifically reciting the requirements of 28 U.S.C. § 2513.

Humphrey v. United States, 52 Fed. Cl. at 597 (citations omitted). As indicated, at a minimum, plaintiff must demonstrate that his sentence under 18 U.S.C. § 924(e) (2012) was vacated on the grounds that he should not have been sentenced pursuant to the provisions of 18 U.S.C. § 924(e) and he must provide a court-certified certificate of innocence from the United States District Court for the Northern District of Texas, or an official pardon, pursuant to 28 U.S.C. § 2513.

> While the document need not be titled a "certificate of innocence," it must substantively provide: (1) that plaintiff's conviction has been reversed or vacated on the grounds that he was not guilty of the offense for which he was convicted; (2) that plaintiff did not commit any of the acts charged or that his actions or omissions in connection with such charge constituted no offense against the United States or any state, territory, or the District of Columbia; and (3) that plaintiff did not bring about his own prosecution by neglect or misconduct.

Wood v. United States, 91 Fed. Cl. at 578 (citations omitted).

In the above-captioned case, plaintiff has not filed court-certified copies of the alleged order to vacate judgment or the Certificate of Innocence as required by this court. Moreover, plaintiff has not provided any genuine information that corroborates his claims that his conviction was vacated. Plaintiff's filed documents purporting to be an order vacating judgment and Certificate of Innocence contain errors, including formatting errors, that support a conclusion that the documents were forged. The errors include, but are not limited to, an omission of a space following United States Code citations: "pursuant to 28 U.S.C.§ 2255," "18 U.S.C.§ 876," "[a] DNA forensic test was conducted by the Department of Justice . . . affirms that their [sic] was a 1 in 800,000,000 chance," "may [sic] 21,1994 was sentenced to serve," "[i]t is, therefore **ORDERED** that the movants [sic] motion to vacate, set aside, or correct a federal sentence is **GRANTED** (capitalization and emphasis in original)," "[p]ending before the Court is movants [sic] motion to declare defendant innocent," "[f]or the reasons stated in this Courts [sic] order," among others. Additionally, the capitalization at the top of the pages documenting the electronic case file data is inconsistent. The purported order to vacate states "Page 1 of 3," "Page 2 0f 3," and "Page 3 of 3."

Additionally, plaintiff's alleged order vacating judgment purports to be Document No. 42 in the docket for Case No. 1:93-CR-45-C in the United States District Court for the Northern District of Texas. Upon this court's examination, Docket No. 42 in Case No. 1:93-CR-45-C are August 5, 1996 objections by plaintiff to defendant's response to

8

plaintiff's motion to vacate. Docket No. 42 is not what plaintiff alleges, an Order vacating judgment. Plaintiff also alleges the filed Certificate of Innocence is Document 43 in the docket for Case 1:93-CR-45-C. Docket No. 43 in Case 1:93-CR-45-C is plaintiff's response to defendant's answer for the aforementioned motion to vacate on August 5, 1996. Plaintiff alleges in the filed "Certificate of Innocence" that plaintiff moved for a declaration of innocence in Docket No. 41. Docket No. 41 in Case No. 1:93-CR-45-C is a July 29, 1996 response by defendant to plaintiff's motion to vacate judgment. Plaintiff alleges the Order vacating judgment and Certificate of Innocence were filed on August 6, 2019. If plaintiff's allegation was true, the docket numbers for the purported order vacating judgment and Certificate of Innocence would be 78 and 79. Document 78 and document 79, however, do not exist on the United States District Court for the Northern District of Texas' electronic docket. Furthermore, Docket No. 71 on August 22, 2001, corresponding to Judge Cummings's order denying plaintiff's motion to vacate judgment, explicitly states ALTSCHUL IS BARRED FROM FILING ANY ADDITIONAL MOTIONS, PLEADINGS, AFFIDAVITS, DOCUMENTS, EXHIBITS, OR NEW CASES (WHETHER HABEAS OR OTHER CIVIL) IN THIS COURT AND FROM FILING ANY CIVIL ACTION IN ANY OTHER COURT THAT IS REMVOABLE OR TRANSFERABLE TO THIS COURT." (capitalizations in original). As the docket entries do not exist in the case, plaintiff is alleging his conviction was vacated and because plaintiff failed to adhere to the ordered deadline to file court-certified copies of the order vacating judgment and Certificate of Innocence in this court, it is apparent that no order vacating judgment or Certificate of Innocence concerning plaintiff's conviction exist and plaintiff's filed documents purporting to be such are fraudulent.

Based on this court's analysis of plaintiff's filings and the docket associated with Case No. 1:93-CR-45-C in the District Court for the Northern District of Texas, it is apparent that plaintiff filed fraudulent documentation in an attempt to unjustly seek compensation for a conviction that was never vacated. Additionally, this court notes plaintiff's claimed $4,500.00 hold on his prison trust account filed with his request to proceed in forma pauperis appears to constitute the sum of the sanctions imposed by the Northern and Southern Districts of Texas on plaintiff for filing fraudulent documentation and frivolous suits. As a result, plaintiff does not meet the standard for showing an unjust conviction or a cognizable claim and his complaint must be dismissed.

Therefore, for the reasons discussed above, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED**. Plaintiff's request to proceed in forma pauperis is dismissed as **MOOT**. A copy of this Order shall also be sent to the plaintiff at his last known address and to his previous address in this court's records. The Clerk of the Court also is directed to mail a certified copy of this Order to the Clerk of the Court for the United States District Court for the Northern, Southern, Eastern, and Western Districts of Texas, and to the United States Court of Appeals for the Fifth Circuit.

**IT IS SO ORDERED.**

MARIAN BLANK HORN
Judge

9